WILLIAM B. HAYFORD and others

*vs.*

COUNTY COMMISSIONERS OF AROOSTOOK COUNTY.

Aroostook.    Opinion February 6, 1886.

*Ways, petitions for.    County commissioners.    R. S., c 18, § 1.    Certiorari.*

County commissioners have no jurisdiction to lay out a highway under the provisions of R. S., c. 18, § 1, unless the petition therefor describes with reasonable definiteness the places where the proposed way is to commence and terminate.

Where the petition prayed for a "county road leading from New Sweden to Fort Kent by the most direct and feasible route, commencing in New Sweden, at the terminus of the county road and running through townships 16 R. 3, 16 R. 4, 17 R. 4, 17 R. 5, 17 R. 6, Frenchville and Fort Kent, and passing between Cross Lake and Mud Lake, " *Held*, that the described way was too indefinite and vague to give the commissioners jurisdiction.

ON REPORT.

Petition for the writ of certiorari to quash the proceedings of the county commissioners of Aroostook in laying out a highway upon the following petition :

"To the honorable county commissioners in and for the county of Aroostook : We, the undersigned, inhabitants of Aroostook county, represent that the public good requires a county road leading from New Sweden (township 15, range 3) to Fort Kent, by the most direct and feasible route : Commencing in New Sweden, at the terminus of the county road, and running through townships 16 R. 3 ; 16 R. 4 ; 17 R. 4 ; 17 R. 5 ; 17 R. 6 ; Frenchville and Fort Kent ; and passing between Cross lake and Mud lake. And we ask you to view the route, and if found feasible, to lay out said road.

Calvin B. Roberts, and 216 others.

Caribou, Mar. 12, 1880."

*Wilson and Woodward*, for the plaintiffs, cited : *Com.* v. *Sheldon*, 3 Mass. 188 ; *King* v. *Aroostook Co.* 63 Maine, 567 ; *Sumner* v. *Co. Com.* 37 Maine, 112 ; *Howland* v. *Co. Com.* 49 Maine, 143 ; *Pembroke* v. *Co. Com.* 12 Cush. 351 ; *Bangor* v. *Co. Com.* 30 Maine, 270 ; *Levant* v. *Co. Com.* 67 Maine, 434 ; *Lewiston* v. *Co. Com.* 30 Maine, 19 ; *P. S. & P. R. R. Co.* v. *Co. Com.* 65 Maine, 292 ; *Rutland* v. *Co. Com.* 20 Pick. 71 ; *Monmouth* v. *Leeds*, 76 Maine, 28 ; *Lisbon* v. *Merrill*, 12 Maine, 210.

*A. W. Paine*, for the defendants.

The granting of the writ on petition for certiorari is a matter of discretion with the court, and will not be granted when there is an apparent error unless injustice has been done or will be done by a refusal. *Levant* v. *Co. Com.* 67 Maine, 429 ; *Lapan* v. *Co. Com.* 65 Maine, 160 ; *Fairfield* v. *Co. Com.* 66 Maine, 385 ; *Hopkins* v. *Fogler*, 60 Maine, 266.

One reason given for disturbing the proceedings of the commissioners is, " the petition did not sufficiently describe the road prayed for."

The statute provision is that the highway must " lead from town to town," and the petition must be in writing " describing

a way," and the commissioners may act upon it, conforming substantially to the description. R. S., c. 18, § 1.

The object of the way was manifest, and that was to open up a highway connecting the road in Sweden with the town (of course the business part) of Fort Kent. There could be no hesitancy or doubt as to what was meant, and that is all that is wanted. One's common sense could not fail to teach that. The termini are given and the intermediate territory described. What could be more definite or certain as to the way desired by the petitioners? The "general course" is readily settled by fixing the termini. Things are sometimes too plain to admit of argument. Such is the character of the proposition here. The general idea is what is wanted. The starting point and the terminus as a general fact — a road in this case, to accommodate the travel from the south to Fort Kent. The particulars are for the court to settle. There is where the discretion of the court is prayed for.

VIRGIN, J. Generally, the granting or withholding of a writ of *certiorari* for the purpose of bringing up and quashing the irregular proceedings of county commissioners, rests wholly within the discretion of this court. But, as an exception to this general rule, when the commissioners have no jurisdiction in a given proceeding, the court has no occasion to exercise its discretion in the matter, but on due presentation of the record orders the writ at once; for in such a case, the action of the commissioners being without the authority of law, parties aggrieved thereby have the legal right to have the proceedings quashed for the asking. *Fairfield* v. *Co. Commrs.* 66 Maine, 385; *Levant* v. *Co. Commrs.* 67 Maine, 429.

Being an inferior tribunal, nothing is presumed in favor of the commissioners' jurisdiction, but it must appear by their record. *State in Cer.* v. *Pownal*, 10 Maine, 24. A general jurisdiction merely, given by the statute over the subject matter, is not enough; they can only have it in the particular case in which they are called upon to act, by the existence of those preliminary facts which confer it. *Small* v. *Pennell*, 31 Maine,

267, 270. Moreover, while generally no particular form of words is required in the petition, nor is strict technical accuracy expected therein ( *Windham* v. *Co. Comrs.* 26 Maine, 406, 409), their jurisdiction generally depends upon whether sufficient jurisdictional facts are set out, as they always should be, in the petition which forms the foundation of their action (*Bethel* v. *Co. Commrs.* 42 Maine, 478) ; although in some classes of cases concerning which the statute does not prescribe what facts the petition shall set out — such as those seeking an abatement of taxes — if the whole record when completed shows actual jurisdiction, notwithstanding one or more of the jurisdictional facts were wanting in the petition, the court may, if substantial justice has been done by the commissioners, rightfully refuse to grant the writ.    *Orland* v. *Co. Commrs.* 76 Maine, 462.

But in cases involving the laying out of highways by the commissioners, the statute prescribes in part, at least, the character of the petition.    It must be a " petition describing a way."    Whatever else it may contain, if no way is therein described, it can not authorize any action but dismissal on the part of the commissioners.    When and only when a " petition describing a way " is presented to them by persons considered " responsible," the " commissioners may act upon it, conforming substantially to the description, without adhering strictly to its bounds."    R. S., c. 18, § 1.    Without a "petition describing a way," the commissioners would have no jurisdiction, for they could not " conform substantially to the description."    One of the evident objects of the provision requiring a description of the proposed way coupled with the required public notice thereon, is to afford those over whose lands it is to be laid and those whose interests may be affected thereby, such information as will enable them to be heard.    Hence it has been the practice in such cases to state at least the *termini* of the proposed way with reasonable and approximate definiteness.    Thus, in *Sumner* v. *Co. Commrs.* 37 Maine, 119, SHEPLEY, C. J., said : " The petition should state the places where the way is desired to commence and terminate, and its general course between them, that all interested may be enabled to judge how far such a way would be useful, and to

what extent their interests might be affected." So in *Howland* v. *Co. Commrs.* 49 Maine, 146, CUTTING, J., said that the petition "must state its termini and route." We fail to understand how any description which does not contain these elements with substantial definiteness can be called "describing a way" within the intention of the legislature.

It is said that the termini and route are set out in the petition. The way asked for is "from New Sweden to Fort Kent by the most direct and feasible route; commencing in New Sweden, at the terminus of the county road." If there is but one county road in New Sweden and but one terminus thereof in that town, then the starting point may be sufficiently definite. But the petition then continues; "and running through" seven townships specifically named, "and passing between Cross lake and Mud lake." Now assuming that the northern terminus intended was "to Fort Kent" as the petition first asserts and not "through Fort Kent" as it subsequently declares — then the terminus is at best left very indefinite. No one can tell within ten miles the place where "the most direct and feasible route to Fort Kent" would terminate, nor how long the route would be. And it seems that no direct feasible route could be found by running between the lakes named and through all the townships named, for the way as laid does not touch Frenchville. It is evident that no owner of lands in any of the townships could learn from this petition whether or not his lands could be taken or his interests affected. Such a description is altogether too vague and indefinite to answer the requirement of the statute on which the proceeding is attempted to be based.

Moreover this conclusion is sustained by *Pembroke* v. *Co. Commrs.* 12 Cush. 351, wherein the court quashed the laying out of a highway on a petition which described one terminus as "to the Boston & Plymouth road in Pembroke" when the road alluded to extended a distance of four miles in Pembroke.

We do not mean to be understood as holding that the petition for every short piece of new road must necessarily contain a statement of its termini, *in totidem verbis*, for they may be so otherwise described by their connections with the roads already

made, that they cannot fail to be understood by interested persons owning land and residing along their routes. *Raymond* v. *Co. Commrs.* 63 Maine, 112. But in ways of this character and dimensions such vagueness as is disclosed in the petition cannot be upheld.

*Writ granted.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred. ·